UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 09-20223
                                      HONORABLE VICTORIA A. ROBERTS

v.

WILLIAM REEVES,

        Defendant(s).
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR A NEW TRIAL

On April 2, 2010, Defendant William Reeves was found guilty of: (1) Health Care Fraud Conspiracy, in violation of 18 U.S.C. §1349; and (2) Conspiracy to Pay and Receive Health Care Kickbacks, in violation of 18 U.S.C. §371.

Before the Court is Reeves' "Amended Motion for New Trial." (Doc. 166). Reeves says the Court erred by allowing the Government to impeach him with his eleven-year-old prior State conviction for conspiracy to deliver cocaine.

Under Fed. R. Crim. P. 33(a), "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[G]ranting or refusing to grant such motions rests within the sound discretion of the District Court and its action must stand in the absence of a clear showing of abuse of discretion." *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967) (citations omitted). The burden is on Reeves to prove that a new trial is warranted. *See United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994) (citing *United States v. Seago*, 930 F.2d 482,

1

488 (6th Cir. 1991)).

When deciding a Rule 33 motion, the Court must balance the alleged error against the record as a whole and evaluate the fairness of the trial. See *United States v. Bustamante*, 1992 WL 192545 at *1 (6th Cir. Aug. 12, 1992) (citing *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988); *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982)).

Reeves' prior conviction was not admitted in error; he put his "helping" character trait at issue, and the Court concluded that his conviction for conspiracy to deliver cocaine related to that character trait. Even if there was an abuse of discretion, the trial record as a whole contains sufficient evidence of Reeves' guilt for a jury to return a guilty verdict. Neither Reeves' trial nor the jury's verdict was a miscarriage of justice.

Reeves' motion for a new trial is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 6, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 6, 2010.

s/Linda Vertriest
Deputy Clerk